Well, good morning and welcome to the Ninth Circuit. Judge Acuda and I are up from Pasadena. We always enjoy being in Seattle, and Judge Gould has been kind enough to stave off the rainy weather for us, although I understand we may lose our bet this afternoon. But even with the rain, we like being here. All right, counsel, some of the ground rules. If you haven't argued in the Ninth Circuit before, your time is allotted coming in. That digital clock counts down, but it also counts up. When you're over time, it starts to add time back on. It's digital add-on time. It's not court add-on time. So once it starts to go creeping back up, you know you've run out your clock. If you're an appellant, you may reserve time for rebuttal, but again, watch the clock and we'll try and help you do that. The questions from the bench indicate areas we're interested in. We've read all your briefs, so you don't have to repeat everything in there word for word. So if you've got questions from the bench, listen to the questions and answer the questions, and you'll get a chance to make your points. So we'll start with the first case on calendar, Alvarez v. Hill. Good morning, and may it please the Court. My name is John Schockett, and I am here on behalf of Blackie Alvarez, the plaintiff and appellant. With me at the counsel table and on the briefs is Michael King, and I'm going to do my best to save three minutes for rebuttal. The district court granted summary judgment against my client on his religious free exercise claim without considering the legal argument he made under the Religious Land Use and Institutionalized Persons Act. This was error, and it should be reversed. The defendants claim that there was no need for the district court to consider Mr. Alvarez's RLUIPA argument because he didn't specifically cite the statute itself in his complaint. This argument is inconsistent with both the letter and the spirit of the Federal Constitution, and it's also inconsistent with this Court's case law regarding what needs to be specifically cited in a complaint. Now, Mr. Alvarez's complaint, which appears to be the case of the RLUIPA case, is that a form that's provided by the prison? It's provided by the prison or the court, Your Honor. The complaint itself, doesn't the form say don't cite any statutes or legal things, just state the facts? Yes, it does. And the actual religious free exercise complaint claim appears on page 3 of the excerpts of record, and it says there's printed text that says the following civil right has been violated. And Mr. Alvarez wrote in, he cited some constitutional provisions, which he didn't have to do, but he wrote that his religious rights were burdened substantially. And then after that, it says supporting facts. State the facts. And as you said, Judge Fischer, it says that you do not need to give legal arguments. He stated facts in support of his religious free exercise claim. There is nothing whatsoever on this form that would indicate that he's supposed to cite a statute. Could I ask, as sort of a introductory type question, if we were to agree with you that the district court should have acknowledged his RLUIPA claim, do we still need to reach the arguments that are made in his, with respect to the constitutional free exercise clause in the brief that he prepared? No, Your Honor, that's not necessary, because the standards deal with exactly the same subject matter. And because RLUIPA provides a much more difficult standard for the prison officials to meet, it protects essentially the same right, but it protects it much more closely than the Constitution does. So if the statutory argument suffices to give my client relief, then the constitutional argument is not necessary in this case. Thank you. Now, he filed his own brief. He did. And our appellate commissioner designated that as a supplemental brief, as I understand it. So do we need to reach any of those claims at this point, or do we simply kick it back to the district court and let all of those be re-reviewed or looked at through the statutory prism? Prism, not prison. Your Honor, I don't think it's necessary to reach the constitutional claims, because my client's cause of action was brought forth. Yes, I understand that. So we don't need to opine on any of those at this stage. No, it's irrelevant whether his constitutional rights were violated, as long as summary judgment was not appropriate, given his statutory rights under RLUIPA. Counsel, as I recall, Judge Brown, in her opinion, made a statement while addressing the constitutional claims that she concluded his constitutional rights or free exercise rights weren't substantially burdened. I think she said something like that. If that's correct, under RLUIPA itself, the compelling state interest and least drastic means test seemed to get invoked after there's a determination of some substantial burden. So do we have to address that? I mean, is there any chance that, although she didn't address RLUIPA, that her reasoning would preclude its application? No, Your Honor. It is true that in Judge Brown's opinion, it does say that there's a statement in there that Mr. Alvarez's religious free exercise rights were not substantially burdened. That statement isn't supported by the record. In this Court's case in War Soldier, which was issued recently after the Supreme Court upheld RLUIPA in Cutter v. Wilkinson, it went through and noted that there's not a specific definition of what constitutes substantially burdening a religious right under RLUIPA, but it did note that punishing a prisoner for refusing to cut his hair for religious reasons qualified as substantially burdening a religious right, and if that qualifies as substantially burdening a religious right, denying Mr. Alvarez access to a number of religious ceremonies and practices and articles of clothing that he had specifically requested certainly should qualify as substantially burdening. There's no reasoning whatsoever in the district court's opinion that can support the finding that there was not a substantial burdening of religious free exercise rights here, and in fact, the record strongly supports that there was. Mr. Alvarez went through a number of things that he had requested, headband wearing, tobacco use, powwows, pipe ceremonies, the sweat lodge ceremonies. He either hadn't been getting those at all or hadn't been getting those as frequently as he wanted or they had been interrupted inconsistent with what he states are his religious beliefs. And RLUIPA specifically states that a religious practice does not need to be something that's clearly established within a particular religion. It can be anything that a particular individual deems his religious practice. If the law said anything besides that, the government would be in a position where it would be judging the merits of a particular religious request within the rubric of religious beliefs, which is inconsistent with the Establishment Clause likely. It's also clear from Judge Brown's opinion that she wasn't thinking about RLUIPA when that opinion was written. It doesn't mention RLUIPA. And I think that in the paragraph where it references the substantially burdening language, it goes on to cite the Turner standard from the Constitution. So although the words substantially burden appear, there's not reasoning to support it. There's nothing in the record to support it. And it's clear from the context of the opinion that that's being done under the constitutional standard, which is not the only legal theory that was pled by my client. The district court indicates that the burden was to prevent him from engaging in conduct mandated by his religious faith, citing Freeman v. Arpao, which I understand is not the RLUIPA standard. Is that right? Correct. The case that the district court cited was a constitutional case that predated RLUIPA. And the RLUIPA statute itself specifically provides that it is not necessary for conduct to be mandated by a religion. There are all kinds of practices in various religions that aren't required. It's not the kind of thing where someone would believe that they go to hell if they don't do it. But at the same time, they're encouraged or there's something that's the norm within a religion. And based on the way Congress wrote RLUIPA, the government and prison officials aren't supposed to be in the business of saying, well, that's encouraged, not mandated, so we're not going to let you do it. So the context of substantial burdens under RLUIPA is simply different from the context of substantial burdens in the case law under the constitutional issues. Now, I see I'm down to two minutes, so unless the panel has any further questions, I'll reserve the remainder of my time for rebuttal. That's fine. Thank you. May it please the Court. I'm Rolf Mohn from the Oregon Department of Justice representing defendants in this case. And I'd like to start by addressing the import of the district court's conclusion that defendants' conduct in this case did not substantially burden a plaintiff. That conclusion would preclude relief under any RLUIPA claim, even if an RLUIPA claim had properly been presented. But why wasn't it presented? Pardon me? Isn't RLUIPA clearly in front of the district court and not considered by the district court? Because the complaint in this case did not provide defendants with fair notice that an RLUIPA claim was being presented. I'm sorry. The complaint was put on a form that I understand is provided by the prison? That's correct. Okay. And under the statement of claim it says the following civil right has been violated supporting facts. State here as briefly as possible the facts. Do not give any legal arguments or cite any cases or statutes. That's correct. In the section. Okay. So he's supposed to identify RLUIPA in the first part? Under the heading the following civil right has been violated. The state has no concept that if there's prisoners asserting a religion-based civil right claim that RLUIPA would be relevant? You had no notice of that? The state did not have fair notice that a RLUIPA claim, as opposed to a purely First Amendment constitutional claim, was being presented. You think in a pro se prisoner complaint that the state can plead ignorance of a RLUIPA claim being implicated in any kind of First Amendment claim? Alleging a First Amendment claim does not automatically allege an RLUIPA claim. And although the state was aware he was alleging that his free exercise of religion was being impeded or infringed, right? That's correct. So now in terms of normal notice pleading requirements, if the state's aware he says his free exercise of religion is infringed, then is there any precedent that says that he must assert a statutory claim, as opposed to making that contention? Well, it appears both the law, because we often have cases where people make some general allegation, and then it's tested under various legal theories. And it's true, Your Honor, that this Court has repeatedly said that a complaint need not necessarily identify a specific legal theory. But this Court has also said in its Sagana decision, for example, that a plaintiff need not identify a specific legal theory, quote, so long as the other side receives notice as to what is at issue in the case, unquote. And fair notice of a claim and of its basis is what a complaint needs to. You didn't have fair notice that he was complaining about impact on his religious practices? Defendants did have fair notice that he was complaining about impact on religious practices. But the complaint in this case expressly alleged at ER-3 that defendants had violated First Amendment and other constitutional rights. The complaint did not ever refer to Arlupa or cite it. Now, let me ask you, when was his motion in support of original complaint filed? You're referring to the one that appears in the supplemental excerpt of record? Yes. It appears that I think that was filed in August of 2004, which would have been back. Was that before? Was it in relation to the trial, you know, the district court proceedings? Well, it was two months after the complaint. It was after the answer also had been filed. Okay. Yes. And before the summary judgment? Before summary judgment. So by then, you certainly knew he was pleading Arlupa claim. Well, I think there's still some ambiguity if you look at that document filed in August. I'm sorry. You know, I'm really having trouble with the State's approach here. The law is pretty clear that Congress had in mind prisoners' rights being protected while they're in prison. And you're arguing on behalf of a State that administers prisons. And presumably, you're entirely familiar because I assume the State is interested in complying with the mandate of Congress. Absolutely. Yet you're saying that when a prisoner pleads a religious-based claim as a pro se litigant, and with all of the law in this circuit, and I don't know what Washington law is, but presumably not incomparable, that you construe pro se pleadings liberally, and you have Rule 8, which is notice pleading, and you're standing here saying that unless he makes an explicit Arlupa claim, even though he cites it as an authority in his motion in support of his complaint and discusses Arlupa, you're saying it's still not good enough? In this particular case, yes. Why? First of all, in construing pleadings liberally, what this Court looks at is a complaint. The only pleading that a plaintiff filed in this case is a complaint. FRCP 7 defined complaints and amended complaints and answers. You asked for a motion for summary judgment. You didn't move for failure to state a claim. So if the complaint is defective, doesn't the Court have some obligation to give the petitioner then a leave to amend so he can state it properly? Certainly. If plaintiff had asked for leave to amend it, I think this is a case in which the district court probably should have granted such a request. So it's all the district court's fault in this case. The district court should not have been so acquiescent in letting your argument carry the day. Well, if my point is if plaintiff wanted to amend his complaint, he certainly could have asked for leave to do so. He did not. He did not make that request, even after it was clear that the State did not perceive the complaint as raising an Arlupa claim. I want to get you onto a slightly different issue. Let's just assume for a minute that we conclude that Arlupa should have been addressed by the district court. Assuming that, one of the statutory elements of Arlupa, as I mentioned earlier, is that the religious rights are substantially burdened. And then if they are, then you go on to address it through the compelling State interest and to address the means. But that substantial burden is an element of Arlupa. Now, it's true the district court made a statement saying they weren't substantially burdened. But we also have a lot of precedent that, for example, when language is used in more than one statute, it can mean one thing in one statute and another thing in another. So to review the district court decision, wouldn't we have to ask her to address Arlupa, on my first assumption, and to say whether the religious rights are substantially burdened within the meaning of Arlupa? I think this Court — If so, go on to the other issues, which certainly would be more helpful to us in assessing the case than just looking at her Turner analysis. Well, certainly I think this Court would have discretion, if it decides an Arlupa claim is before the court, to ask the district court to clarify whether it was applying the same substantial burden test when it addressed the First Amendment claims as would apply under Arlupa. At the same time, I think it's worth noting that nothing in the district court's order and nothing in the Freeman case that the district court cited in referring to the substantial burden test under the First Amendment suggests that that substantial burden definition is any different or, at the least, is any harder for a plaintiff to satisfy than the substantial burden test that applies under Arlupa. Well, what about the language, though, when she goes on to say, by preventing him — it burdens the practice of the inmate's religion by preventing him from engaging in conduct mandated by his religious faith, the Freeman v. Arpao standard when Arlupa says that the religious practice doesn't have to be central. It can be any religious practice. That's true. The Arlupa standard does have that additional component. I'm not — it's not clear to me, though, in defining — in that latter part of the Arlupa test is necessarily tied into the substantial burden test, and maybe the substantial burden test is itself separate from assessing whether a religious practice is central to that set of religious beliefs. And so — So, but if it's a substantial — so are you saying a substantial burden is free-floating and it doesn't matter which religious practices she's looking at? I guess my concern would be if the court determined that some of the religious concerns that were raised by Mr. Alvarez were not central, and then the court wouldn't even evaluate whether it was a burden on those non-mandated concerns. And I can see that that's a possibility. And we don't really know enough from the district court's quarter in terms of whether the substantial burden test that it was applying really was identical to Arlupa. But it is worth noting the war soldier standard identifying what substantial burden means under Arlupa is a very, very difficult standard to satisfy. And it's difficult to imagine the district court was applying a standard that would have been any more difficult for a plaintiff to satisfy. But I see I'm out of time. So unless the Court has other questions, I have nothing further to add. Thank you. Roberts. A quick follow-up to the point about the substantial burden issue. First of all, because the context of the district court's opinion is clearly within the Constitution and not Arlupa, and Arlupa has a different centrality standard, the same definition simply ought not to apply. There's also evidence in the record that indicates that the district court was not applying Arlupa standard. In Tom Armstrong's affidavit, and he's the chief chaplain at the Snake River Correctional Institution, he notes that in response to Mr. Alvarez's complaint that he wanted to have ceremonial tobacco, Mr. Armstrong said, well, he can have this mixture of herbs that's not tobacco, and also it's okay if a non-Native American medicine man carries it, because I've never heard of that belief before. Well, that points to exactly the issue. It's possible that Chaplain Armstrong had heard from other Native Americans that the mixture of herbs was okay, and that it was okay to have a Christian chaplain carry it into the prison, but Mr. Alvarez stated in his summary judgment motions and his declarations that he wants a Native American medicine man to carry it in and that he wants it to be tobacco, because those are his religious beliefs. So when you start allowing the chaplain to say, well, I think this is what constitutes Native American beliefs, that's the kind of thing that could conceivably qualify as not a substantial burden under the constitutional standard, but very clearly does not qualify or does not – but clearly does represent a substantial burden under RLUIPA. Now, as to the fair notice complaint issue which has been addressed, this Court's case law is quite clear that you don't need to cite the statute. Indeed, under Civil Rule 54, a judgment can be entered on an issue that wasn't even mentioned in the complaint if substantial justice requires it and if it is warranted. This Court's case law is very clear that it's not necessary to cite the statute, and a legal theory can be put at issue. Moreover, defendants had fair notice. Prisons are aware that RLUIPA applies to them. My client referenced RLUIPA in his motion of law in support of his complaint. He referenced it in his summary judgment opposition. It couldn't have been more clear to defendants that RLUIPA applied, and it was error for them to ignore RLUIPA, and it was error for the district court to ignore it. I respectfully request that this Court reverse and remand to the district court. Thank you. Thank you. Your pro bono counsel? Yes, Your Honor. The Court appreciates, and no disrespect for the State, but we always like to thank pro bono counsel for supporting our appellate program, so we appreciate that. Thank you. It's been a rewarding experience.
judges: Fisher, Gould, Ikuta